UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD ANDREW NAGY,

       Plaintiff,

vs.

       Case No. 19-CV-13530

       HON. GEORGE CARAM STEEH
       MAG. JUDGE R. STEVEN WHALEN

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [ECF No. 19], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF No. 13] AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 16]

Plaintiff Todd Andrew Nagy challenges defendant Commissioner of Social Security's denial of his application for Disability Insurance Benefits ("DIB"). Before the court are cross motions for summary judgment, which were referred to the magistrate judge for a report and recommendation. On December 15, 2020, Magistrate Judge Whalen issued a report and recommendation ("R&R) recommending that defendant's motion for summary judgment (ECF No. 16) be granted, plaintiff's motion for summary judgment (ECF No. 13) be denied, and the ALJ's decision be affirmed. The court has reviewed the file, record, and magistrate judge's R&R. Plaintiff

filed timely objections to the R&R (ECF No. 20) and defendant filed a response to plaintiff's objections (ECF No. 21). For the reasons set forth below, the court accepts and adopts the magistrate judge's report.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

ANALYSIS

I.      Objection No. 1

Plaintiff contends that the magistrate judge erred when he misstated the vocational expert's testimony as being that if plaintiff was off task 80% or more of his workday, rather than 20%, it would be "work preclusive." However, the ALJ did not find that plaintiff would be off task for any portion of the workday (ECF No. 9-2, PageID.57-58).  Rather, the ALJ concluded that plaintiff had no more than mild limitations in concentration (ECF No. 9-2, PageID.56-57).   Nor did the magistrate judge base his recommendation on whether plaintiff would be off task for 20% versus 80% or more of the workday.  Therefore, plaintiff's objection is overruled as irrelevant.  *See Wills v. Comm'r of Soc. Sec.*, No. 2:19-cv-12865, 2020 3WL 7585877, at *2 (E.D. Mich. Dec. 22, 2020) (overruling objection as "irrelevant" where it did not undermine ultimate recommendation that claimant did not meet all of the required criteria for showing, in the claimant's words, "presumptive disability").

II.     Objection No. 2

Plaintiff maintains that the magistrate judge erred in his determination that plaintiff's tinnitus and resulting vertigo failed to constitute a severe impairment.  However, in making this determination, the magistrate judge

- 3 -

considered plaintiff's complaints of tinnitus and his ear surgery. The magistrate judge noted that testing showed at most "mild" hearing loss in one ear and "mild to moderate" loss in the other, that plaintiff did not allege difficulties communicating due to tinnitus, and that the alleged tinnitus did not affect plaintiff's ability to drive or interact with others (ECF No. 19, pageID.1428-29). Similarly, the magistrate judge observed that plaintiff's alleged vertigo did not prevent him from driving, shopping, working part-time, and going on hunting trips (ECF No. 19, PageID.1430). The court overrules plaintiff's objection as lacking in any evidentiary support.

III.    Objection No. 3

The next objection is that the magistrate judge erred in affirming that plaintiff's depression and anxiety did not rise to the "de minimis" level. Plaintiff's psychologist, Matthew P. Dickson, PhD, diagnosed him as suffering from Persistent Depressive Disorder and Unspecified Anxiety Disorder, and stated that his prognosis was "guarded."  Plaintiff's counsel argues that this conclusion strongly suggests the conditions are longstanding and will continue to plague plaintiff in the foreseeable future. However, the magistrate judge noted that plaintiff ""demonstrated a wholly normal mental status on numerous occasions" (ECF No. 19, PageID.1430). Plaintiff does not address these occasions, nor does he explain how Dr.

Dickson's diagnoses and prognosis show that his depression and anxiety had more than a minimal effect on his ability to perform work-related activities. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."). The diagnoses and prognosis do not undermine the magistrate judge's recommendation and plaintiff's objection is therefore overruled.

IV. <u>Objection No. 4</u>

Plaintiff argues that the magistrate judge erred in holding that the ALJ's denial was supported by substantial evidence. Plaintiff refers to the medical record to support his testimony regarding the "chronicity, extent and severity" of his left knee and low back problems. The magistrate judge considered the evidence of plaintiff's knee and back impairments (ECF No. 19, PageID.1416-19). "It is the ALJ's place, and not the reviewing court's, to 'resolve conflicts in evidence.'" *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 670 (6th Cir. 2009) (quoting *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987)).

V. <u>Objection No. 5</u>

Plaintiff maintains that the magistrate judge misconstrued Dr. Lis' opinion on March 17, 2014 that plaintiff was "currently unable to work" as

meaning he could not return to his past relevant work as a truck driver/laborer, rather than that plaintiff was unable to work at *any* occupation. However, the ALJ did not rely on that interpretation in giving Dr. Lis' opinions little weight (ECF No. 9-2, PageID.64). Because plaintiff's objection does not undermine the ALJ's analysis, it is overruled as irrelevant. *See Wills*, 2020 WL 7585877, at *2.

VI.     Objection No. 6

Plaintiff next argues that the magistrate judge erred in agreeing with the ALJ that Dr. Lis's disability opinion should be accorded "little weight." Dr. Lis was plaintiff's treating orthopedic surgeon and operated on his knee two times. As such, plaintiff argues that Dr. Lis's opinion is entitled to controlling weight under the Treating Physician's Rule. The magistrate judge and the ALJ each addressed why Dr. Lis's opinions do not qualify for controlling weight under 20 C.F.R. § 404.1527(c)(2) (ECF No. 16, PageID.1387-88; ECF No. 19, PageID.1431-32)). Plaintiff does not identify any errors in the magistrate judge's reasoning. Moreover, it is the job of the ALJ, not the reviewing court, to "resolve conflicts in evidence." *See Collins*, 357 F. App'x at 670 (quoting *Gaffney*, 825 F.2d at 100). Plaintiff's objection is overruled.

VII.	Objection No. 7

Plaintiff contends that the magistrate judge erred in agreeing with the ALJ's rejection of plaintiff's testimony regarding the extent and severity of his debilitation. Plaintiff provides several examples of evidence that are "not inconsistent" with his inability to walk without an assistive device, or an inability to perform the work described in the ALJ's residual functional capacity finding, or his complaints of back pain. This request to reinterpret and reweigh the evidence is denied. The magistrate judge methodically addressed the evidence the ALJ relied on in making her determination not to accept plaintiff's allegations of disabling symptoms. Plaintiff's objection in this regard is overruled.

VIII.	Objection No. 8

Finally, plaintiff alleges that the magistrate judge erred in finding that the ALJ's modifiers for a range of "sedentary work," which were to assume that plaintiff could stand or walk "up to four of eight hours" per work shift, were reasonable. Contrary to plaintiff's characterization, the ALJ only referred to standing or walking for four of eight hours in relation to an earlier question about light work (ECF No. 9-2, PageID.131). When asking next about sedentary work, a portion of the question was inaudible and could not be transcribed, but the logical conclusion is that the ALJ restricted

plaintiff to extended periods of sitting: "If our hypothetical individual were instead restricted to extended periods of [INAUDIBLE]" (ECF No. 9-2, PageID.132-33).  See SSR 83-14, 1983 WL 31254, at *4 ("[T]he major difference between sedentary and light work is that most light jobs--particularly those at the unskilled level of complexity--require a person to be standing or walking most of the workday.").  As for stooping, SSR 96-9p states that "most unskilled sedentary occupations" require "stoop[ing] occasionally." SSR 96-9p, 1996 WL 374185, at *8.  The ALJ's finding that Plaintiff could perform sedentary work with "occasional[] . . . stooping" (ECF No. 9-2, PageID.58) is consistent with the ruling.  Plaintiff's objections to the contrary are overruled.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's R&R (ECF No. 19).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (ECF No. 16) is GRANTED, plaintiff's motion for summary judgment (ECF No. 13) is DENIED, and plaintiff's objections (ECF No. 20) are OVERRULED.

Dated:  January 14, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE